UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ALLEN DOE BOYD,

       Plaintiff,                        Case No. 3:16-cv-477

vs.

COMMISSIONER OF                 District Judge Walter H. Rice
SOCIAL SECURITY,            Magistrate Judge Michael J. Newman
        Defendants.

---

**REPORT AND RECOMMENDATION[1] THAT DEFENDANT'S MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM (DOC. 8) BE DENIED**

---

      This civil case is before the Court on the Commissioner's motion to dismiss for failure to state a claim. Doc. 8. *Pro se* Plaintiff filed a memorandum in opposition. Doc. 9. The Commissioner did not file a reply memorandum, and the time for doing so has expired.

      Plaintiff filed for Supplemental Security Income benefits on September 11, 2013. Doc. 8-1 at PageID 61. On June 22, 2016, ALJ Elizabeth A. Motta issued a decision finding Plaintiff not disabled. Doc. 8-1 at PageID 85. On August 19, 2016, Plaintiff requested Appeals Council review of the ALJ's decision. Doc. 8-1 at PageID 76. On September 10, 2016, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. Plaintiff then filed this *pro se* appeal on November 18, 2016, when he moved for leave to file his complaint *in forma pauperis*[2]

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "[W]hen a petitioner files for permission to file IFP, a complaint is considered filed on the day the clerk's office receives both the complaint and the application to proceed IFP, even if the complaint is not formally stamped 'filed' until a later date when the IFP application is granted." *Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004)

("IFP").  Doc. 1.  Now, the Commissioner moves to dismiss *pro se* Plaintiff's complaint arguing that it was not timely filed.  Doc. 8.

Judicial review of Social Security decisions is governed by 42 U.S.C. § 405(g), which provides that:

> Any individual, after any final decision of the Commissioner . . . made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner . . . may allow.

The regulations define "mailing" as the date the individual receives the Appeals Council's notice of denial of a request for review.  *See* 20 C.F.R. § 422.210(c).  The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary. *See* 20 C.F.R. §§ 404.901, 422.210(c); *see also Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435-36 (6th Cir. 2007).

The sixty day time limit for seeking judicial review of an adverse determination by an ALJ -- as set forth in § 405(g) -- is not a jurisdictional bar but, rather, a statute of limitations subject to equitable tolling.  *Cook*, 480 F.3d at 435.  The statute of limitations serves the dual purpose of eliminating stale claims and providing "a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986).  Courts strictly construe the statute of limitations in Social Security appeals.  *See, e.g.*, *Cook*, 480 F.3d at 432 (affirming the dismissal of a complaint filed one day late); *see also Amadasu v. Comm'r of Soc. Sec.*, No. 06-cv-584, 2009 WL 1542772, at *4-7 (S.D. Ohio May 28, 2009) (dismissing complaint filed three days late).  This is true even when the plaintiff is proceeding *pro se* and without the assistance of counsel.  *See McCane v. Comm'r of Soc. Sec.*, No. 2:12-cv-67, 2012 WL 4088649, at *3 (S.D.

2

Ohio Sept. 17, 2012) (dismissing *pro se* plaintiff's complaint for failure to comply with § 405(g)'s filing deadline) *Report and Recommendation adopted*, 2012 WL 4920798 (S.D. Ohio Oct. 16, 2012).

Here, the Appeals Council's notice is dated September 10, 2016.  Under the Commissioner's regulations, *supra*, Plaintiff presumptively received that notice in the mail on or before September 15, 2016.  Assuming Plaintiff received the notice by September 15, 2016, his appeal was due to be filed on or before November 14, 2016.  Again, Plaintiff did not initiate this appeal until November 18, 2016, *i.e.*, four days after expiration of the presumptive deadline for filing an appeal.  Doc. 1.

However, *pro se* Plaintiff presents evidence reasonably rebutting -- and in fact contradicting -- the presumption that he received the Appeals Council's notice on or before September 15, 2015.  In fact, *pro se* Plaintiff presents a copy of the envelope in which the Appeals Council's notice was contained.  Doc. 9-5 at PageID 94.  That envelope is postmarked September 15, 2016.  *Id*.  Therefore, since the letter was not postmarked until September 15, 2015, Plaintiff obviously did not receive such notice on or before that date.  Instead, Plaintiff's representation that he actually received the notice on September 19, 2016 is reasonable.

Because the Court finds Plaintiff received the Appeals Council's notice on September 19, 2016, the 60 day deadline for filing an appeal in this Court was November 18, 2016.  Because Plaintiff initiated his appeal on November 18, 2016, it was timely filed.  Accordingly, the undersigned **RECOMMENDS** that the Commissioner's motion to dismiss (doc. 8) be **DENIED**.

**IT IS SO ORDERED.**

Date:   April 5, 2017                     s/ Michael J. Newman
                                          Michael J. Newman
                                          United States Magistrate Judge

3

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).  Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).