IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALLEN D. BOYD,

    Plaintiff,

vs.

NANCY A. BERRYHILL,

Acting Commissioner of the
Social Security Administration,

    Defendant.

: Case No. 3:16-cv-477

: JUDGE WALTER H. RICE

: MAGISTRATE JUDGE
  MICHAEL J. NEWMAN

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #20); OBJECTIONS OF DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, TO SAID JUDICIAL FILING (DOC. #21) ARE OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF ALLEN D. BOYD AND AGAINST COMMISSIONER, REVERSING THE DEFENDANT COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER, PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g), FOR FURTHER PROCEEDINGS; TERMINATION ENTRY

---

Plaintiff Allen D. Boyd ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On January 5, 2018, Magistrate Judge Michael J. Newman filed a Report and Recommendations, Doc. #20, recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to

benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be reversed, and that the matter be remanded to the Commissioner for further proceedings, pursuant to Sentence Four of 42 U.S.C. § 405(g). Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations, Doc. #20, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #15, and a thorough review of the applicable law, this Court ADOPTS the Report and Recommendations and OVERRULES the Commissioner's Objections, Doc. #21, to said judicial filing. The Court, in so doing, orders the entry of judgment in favor of Plaintiff and against the Commissioner, reversing the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, and remanding the matter, pursuant to Sentence Four of 42 U.S.C. § 405(g), to the Commissioner for further proceedings.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human*

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

*Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.   In the Report and Recommendations, the Magistrate Judge noted that Elizabeth A. Motta, the Commissioner's Administrative Law Judge ("ALJ"), assigned "great weight" to the opinion of James Cacchillo, D.O., the Commissioner's record-reviewing physician, concluding that "it was 'consistent with the limited objective evidence and diagnostic imaging.'"  Doc. #20, PAGEID #1716 (quoting Doc. #15-2, PAGEID #263).   ALJ Motta provided no further analysis or explanation as to the weight assigned.   In contrast, she assigned "significant but not great weight to the opinions of this consultative examiner[,]" Damian M. Danopulos, M.D., as Dr. Danopulos "appears to have offered an opinion on the least the claimant could do[, whereas t]he residual functional capacity is required to establish the most an individual can do."  *Id.*[2]  ALJ Motta's analysis was flawed in two respects.  <u>First</u>, she inverted the Commissioner's own requirement that more rigorous scrutiny be given to the opinion of a non-examining source than that of an examining source, as the former has not had the opportunity to observe Plaintiff first-hand.  Doc. #20, PAGEID #1715 (citing Soc. Sec. R. 96-6p, 1996 WL 374180, at *2 (Jul. 2, 1996)).   <u>Second</u>, ALJ Motta's restatement of Dr. Cacchillo's opinion, and conclusory acceptance of same, "falls short of the meaningful explanation

---

[2] ALJ Motta concluded that there were "no treating source opinions on the issue of disability relevant to the current application."  Doc. #15-2, PAGEID #263.  Neither party objects to this conclusion.

4

required by the regulations and, accordingly, results in a finding of error." *Hollon v. Comm'r of Soc. Sec.*, 142 F. Supp. 3d 577, 584 (S.D. Ohio 2015) (Newman, Mag. J.).

2.  In her Objections, the Commissioner argues that ALJ Motta's decision must be read as a whole, and that even though "the ALJ did not reiterate all of those medical findings in the section of her decision where she assigned weight to Dr. Cacchillo's opinion, the ALJ expressly found that Dr. Cacchillo's opinion limiting Plaintiff to a range of light work was consistent with the objective evidence and diagnostic imaging." Doc. #21, PAGEID #1722 (citing Doc. #15-2, PAGEID #263). Yet, the ALJ's failure to cite <u>any</u> medical evidence of record with which Dr. Cacchillo's opinion was supposedly consistent means that this Court is unable to determine whether the ALJ's weighing of Dr. Cacchillo's opinion—which, in turn, formed the basis of Plaintiff's residual functional capacity—was proper and supported by substantial evidence. Thus, this Court may not affirm the Commissioner's finding of non-disability.

3.  If a District Court finds that a Commissioner's decision that a claimant is not disabled was not supported by substantial evidence, then the Court must remand the case to the Commissioner for further proceedings. Remand for an immediate award of benefits, rather than for further proceedings, is appropriate "only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). Plaintiff does not claim that either standard set forth in *Faucher* is satisfied.

Nor, from this Court's *de novo* review of the evidence of record, could he reasonably so argue. Accordingly, remand for further proceedings is required.

WHEREFORE, based upon the aforesaid, this Court ADOPTS the Report and Recommendations of the Magistrate Judge, Doc. #20. The Commissioner's Objections to said judicial filing, Doc. #21, are OVERRULED. Judgment shall enter in favor of Plaintiff and against the Commissioner, reversing the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, and remanding the case to the Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings consistent with this opinion.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

February 12, 2018

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT